UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUSCH HEALTH US, LLC,<br>　　　　Plaintiff,<br>　v.<br>ECI PHARMACEUTICALS LLC,<br>　　　　Defendant. | Case No. 3:18-cv-00355-RS (KAW)<br>**ORDER DENYING MOTION TO FILE 1/9/2020 JOINT DISCOVERY LETTER UNDER SEAL**<br>Re: Dkt. Nos. 144, 144-3 |

On January 9, 2020, the parties filed a joint letter concerning the adequacy of Defendant's responses to certain written discovery. (Mot. to File Under Seal, Dkt. No. 144; Redacted Joint Letter, Dkt. No. 144-3.) Specifically, Plaintiff claims that Defendant has not fully produced documents or conducted an adequate search of all custodians, has improperly narrowed the time period, and has not produced documents as they are stored in the ordinary course of business. (Joint Letter at 1-2.) The case was referred to the undersigned for discovery on January 15, 2020.

The Court is unable to resolve the disputes concerning all requests for production of documents, because the parties have not clearly identified or addressed specific requests nor have they provided the Court with the allegedly deficient responses.

Notwithstanding, upon a cursory review, Plaintiff's position that Defendant must turn over all documents in its possession created by Mr. Himanshu Sud is well taken even though he is a contractor rather than an employee. It is irrelevant that Plaintiff has separately subpoenaed Mr. Sud and his employer for all documents in their possession.

Accordingly, the motion to file under seal is DENIED as moot, and the parties are ordered to meet and confer in an attempt to resolve the pending dispute without court intervention. In so doing, they shall consider the Northern District's Guidelines for the Discovery of Electronically

Stored Information and ESI checklist (available at *http://cand.uscourts.gov/eDiscoveryGuidelines*) during their meet and confer efforts. If those efforts fail to fully resolve all issues of contention, the parties shall jointly write and file a letter outlining any remaining disputes in the format outlined in the Court's Standing Order:

    **A. Request No. 3 (or Issue #1)**

        [Summarize the issue and reproduce the request.]

    Plaintiff's Position

        [Plaintiff's position outlining why Defendant's response or position is deficient and the relief requested.]

    Defendant's Position

        [Defendant's rationale as to how they have fully responded to the request, etc.]

    **B. Request No. 4 (or Issue #2)**

        [Summarize the issue and reproduce the request.]

    Plaintiff's Position

        [Plaintiff's position outlining why Defendant's response or position is deficient and the relief requested.]

    Defendant's Position

        [Defendant's rationale as to how they have fully responded to the request, etc.]

(*See* Judge Westmore's General Standing Order ¶ 13.) Compliance with the format provided will facilitate the Court's resolution of any remaining disputes, as the parties will be addressing the same issues. Additionally, for each disputed request, the parties should address Rule 26's proportionality requirement.

    IT IS SO ORDERED.

Dated: January 21, 2020

                                            KANDIS A. WESTMORE
                                            United States Magistrate Judge