UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUSCH HEALTH US, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ECI PHARMACEUTICALS LLC,<br><br>Defendant. | Case No. 3:18-cv-00355-RS (KAW)<br><br>**ORDER REGARDING 2/14/20 JOINT DISCOVERY LETTER #1 CONCERNING DEFENDANT'S PRODUCTION TIME PERIOD**<br><br>Re: Dkt. No. 158 |

On February 14, 2020, the parties filed a motion to file under seal and a joint discovery letter concerning the time period for production of documents. (*See* Mot. to File Under Seal, Dkt. No. 158; Joint Letter, Dkt. No. 158-4.) The Court granted the motion to file under seal.

Plaintiff Bausch Health US, LLC ("Bausch") propounded requests for production of documents on Defendant ECI Pharmaceuticals, LLC ("ECI") with a relevant time period of January 1, 2015 to present. (Joint Letter at 2.) Despite this time period, Bausch claims that ECI unilaterally restricted its production to documents from prior to May 2018 with the exception of a certain category of documents and the results of ECI's FOIA requests. (Joint Letter at 3.) Plaintiff also argues that it requires discovery to defend against ECI's counterclaims, because "[d]ocuments from 2018 and 2019 are critical to understanding the impact, if any, of Bausch Health's alleged conduct on ECI's business and its customer relationships." (Joint Letter at 3.) As a compromise, Bausch offered to set September 1, 2019 as the cut-off date for the relevant time period, which was rejected by ECI. (Joint Letter at 2.)

In opposition, ECI claims that it has already produced a significant number of documents, and that any further production would not be proportional under Federal Rule of Procedure 26, because the bulk of the documents had already been produced during the International Trade

1 | Commission ("ITC") proceedings, which Bausch commenced against ECI and later voluntarily
2 | dismissed. (*See* Joint Letter at 2, 5.) ECI argues that, "because the ITC Complaint had very similar allegations as in this case, and a full, albeit very expedited, discovery process had been carried out in the ITC, [Plaintiff's] motion should be denied." (Joint Letter at 5.)

The Court disagrees. First, as argued by Plaintiff, the ITC proceeding's discovery was limited to domestic industry and injury, and the entire time allotted to fact discovery was only approximately six weeks. (Joint Letter at 4.) Further, since the voluntary dismissal of the ITC proceeding, the instant case was filed, and Defendant is now asserting counterclaims against Bausch, from which Bausch is entitled to defend itself. Moreover, Bausch argues that ECI has propounded 80 document requests in this case, "making clear that ECI does not consider the ITC discovery to have been comprehensive or sufficient to address the merits of this case." (Joint Letter at 4.) This is persuasive.

In light of the foregoing, while ECI need not provide responsive documents that are duplicative of documents already produced, it is required to provide all other documents responsive to Plaintiff's requests for the relevant time period of January 1, 2015 to September 1, 2019, and shall do so within two weeks of this order.

IT IS SO ORDERED.

Dated: March 6, 2020

KANDIS A. WESTMORE
United States Magistrate Judge