UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUSCH HEALTH US, LLC,<br>Plaintiff,<br>v.<br>ECI PHARMACEUTICALS LLC,<br>Defendant. | Case No. 3:18-cv-00355-RS (KAW)<br>**ORDER REGARDING 2/14/20 JOINT DISCOVERY LETTER #2 CONCERNING CUSTODIANS**<br>Re: Dkt. No. 159 |

On February 14, 2020, the parties filed a motion to file under seal and a joint discovery letter concerning ECI Pharmaceutical LLC ("ECI")'s choice of custodians. (*See* Mot. to File Under Seal, Dkt. No. 159; Joint Letter, Dkt. No. 159-4.) The Court granted the motion to file under seal.

**A. Documents pertaining to Mr. Himanshu Sud**

First, Plaintiff Bausch Health US, LLC ("Bausch") seeks to compel ECI to "collect and produce responsive, relevant information from Mr. Himanshu Sud in ECI's possession." (Joint Letter at 1.) In opposition, ECI argues that Mr. Himanshu Sud is an outside consultant working at RD2Rx, and that his company produced documents in response to the subpoena, and that it believes that the production is "most certainly substantially complete and in a 'usable format.'" (Joint Letter at 2-3.) Previously, and in an attempt to assist the parties in their meet and confer efforts, the undersigned informed the parties that "Plaintiff's position that Defendant must turn over all documents in its possession created by Mr. Himanshu Sud is well taken even though he is a contractor rather than an employee. It is irrelevant that Plaintiff has separately subpoenaed Mr. Sud and his employer for all documents in their possession." (Dkt. No. 153 at 1.) The Court again finds that ECI is not excused from its discovery obligation simply because non-party RD2Rx has

produced documents in response to a subpoena, because ECI may possess responsive documents other than those produced by RD2Rx. The Court notes that the same counsel represents ECI and RD2Rx, and Bausch claims that documents from entire categories have not been produced. (Joint Letter at 2.) Accordingly, ECI is ordered to produce all responsive documents in its possession within 2 weeks of this order. ECI need not, however, collect documents from Mr. Himanshu Sud or RD2Rx that are not in its possession.

### B. Custodians

Second, Bausch wishes to include three individuals—Abul Bhuyian, Linda Lyles, and Lori Martinez—whom ECI identified in its interrogatory responses as most knowledgeable about issues central to the case, as custodians. (Joint Letter at 1, 5.) These three individuals, however, no longer work for ECI, and, therefore, cannot serve as custodians of records. Moreover, Bausch provides no legal authority to suggest that they can. Thus, Plaintiff's request to have these former employees be named custodians is denied.

IT IS SO ORDERED.

Dated: March 6, 2020

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge